NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 10-4330
_____


WILLIAM HOUSTON,
                              Appellant
v.

EASTON AREA SCHOOL DISTRICT


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-03-cv-03494)
Magistrate Judge:  Hon. Henry S. Perkin
_____


Submitted Under Third Circuit LAR 34.1(a)
September 12, 2011

Before:  SLOVITER, SCIRICA, and SMITH, *Circuit Judges*

(Filed: September 13, 2011)


_____


OPINION
_____

SLOVITER, *Circuit Judge*.

This is the second time that William Houston has appealed evidentiary rulings following trial judgments in favor of the defendant Easton Area School District on Houston's employment discrimination claim. On the first appeal, we vacated and remanded the judgment because the presiding Magistrate Judge was overly restrictive in barring the introduction of evidence regarding potentially similarly situated individuals. On this appeal, Houston contends, among other things, that the Magistrate Judge made the opposite mistake and was overly permissive in allowing the defendant to introduce evidence of another set of comparators. This time, we will affirm.[1]

## I.

Houston, a former school district administrator who is African-American, contends that the Easton Area School District ("the District") discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* At the time of his retirement in 1998, Houston was a so-called "cabinet member" administrator. Cabinet member was an informal title denoting a direct reporting line to the Superintendent. Upon retirement, Houston received credit and payment for only 25% of his unused, accrued sick leave. The following year, 1999, three other cabinet member administrators—all white—retired and received 100% of their accrued sick leave. Houston contends that this different treatment was based on race.

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

2

Prior to the initial trial, the District's motion to exclude evidence relating to the retirement packages of three, white comparators (who were not covered by the same plan as Houston) and to exclude evidence of historically unequal pay for black employees within the District was granted.[2] The case was reassigned to another Magistrate Judge, and Houston's motion for reconsideration of the evidentiary rulings was denied. After a one-day bench trial, the Magistrate Judge found in favor of the District. Houston appealed, but only challenged the exclusion of the white comparators' retirement information, not the exclusion of the historic unequal pay evidence. We agreed that the evidence regarding the comparators was erroneously excluded because Act 93 status was not the only relevant factor, vacated the judgment, and remanded to the District Court. *Houston v. Easton Area Sch. Dist.*, 355 F. App'x 651 (3d Cir. 2009).

On remand, the District moved in limine to exclude, once more, the evidence of historic unequal pay. Over Houston's objection, the Magistrate Judge granted the motion and excluded the evidence. Consistent with our earlier opinion, the Magistrate Judge permitted Houston to introduce evidence relating to the retirements of white cabinet member comparators. The Magistrate Judge also permitted the District to introduce evidence of other administrators who only received 25% of their accrued sick days, just

_____

[2] Specifically, evidence regarding the retirements of Messrs. Ciccarelli, Hettel, and Piazza was excluded because they were not covered by the District's Act 93 compensation plan, whereas Houston was covered. In contrast, evidence regarding Mr. Wrazien's retirement was permitted because he, like Houston, was an Act 93 employee. Act 93, 24 Pa. Stat. Ann. § 11-1164, requires school districts to adopt compensation plans for certain school administrators whose positions are not included in a bargaining unit. Superintendents, business managers, and personnel directors are specifically excluded from Act 93 coverage.

like Houston. Houston argued that this evidence should not have come in because these other administrators were not cabinet members, in contrast to Houston and the three white cabinet members who received 100% of their sick leave. Houston also requested a jury instruction specifically instructing the jury that the District was not limited under Pennsylvania state law to awarding Houston 25% of his accrued sick leave. The District Court denied this request.

At the conclusion of the second trial, this time a jury trial, the jury returned a verdict in favor of the District. Houston then filed a motion for a new trial, which was denied. Houston appeals and requests a new trial.

## II.

We review a district court's evidentiary ruling for abuse of discretion. *Walden v. Ga.-Pac. Corp.*, 126 F.3d 506, 517 (3d Cir. 1997). The same standard also applies to a district court's refusal to give a particular jury instruction, *United States v. Khorozian*, 333 F.3d 498, 508 (3d Cir. 2003), and a district court's decision to deny a motion for a new trial, *Montgomery Cnty. v. Microvote Corp.*, 320 F.3d 440, 445 (3d Cir. 2003).

## III.

Houston first contends that it was error for the District Court to exclude evidence of historic inequality in pay between employees of different races. Houston had every opportunity to challenge this evidentiary ruling on his first appeal, but failed to do so. Accordingly, the law-of-the-case doctrine dictates that this argument was waived. *See Cowgill v. Raymark Indus., Inc.*, 832 F.2d 798, 802 n.2 (3d Cir. 1987) (noting that a party waives a contention that could have been but was not raised on a prior appeal).

4

Even if this argument had not been waived, the District Court did not abuse its discretion by concluding that the probative value of the historic unequal pay evidence was outweighed by the potential for prejudice and confusion. Although the evidence was arguably relevant to the issue of discriminatory intent, nowhere in his complaint did Houston assert a claim for ongoing pay discrimination. Instead, he only asserted a claim for discrimination in retirement benefits. Moreover, Houston's counsel admitted at the final pretrial conference that the proffered historic pay evidence covered a period that was a long time ago. Accordingly, the evidence risked confusing the jury and prejudicing the defendant with allegations tangentially related to the current dispute. *See Ansell v. Green Acres Contracting Co., Inc.*, 347 F.3d 515, 524 (3d Cir. 2003) ("There is a point at which a prior or subsequent act becomes so remote in time from the alleged discriminatory act at issue, that the former cannot, as a matter of law, be relevant to intent.").[3]

Houston also contends that it was error for the District Court to permit the introduction of evidence that non-cabinet administrators also received only 25% of their accrued sick leave. There was no abuse of discretion and the jury was entitled to consider whether these administrators were similarly situated to Houston, particularly given the evidence that the "cabinet member" distinction was an informal one. Any alleged prejudice to Houston was also cured by his counsel's extensive cross-examination of the witness called to testify on this issue.

---

[3] We also reject Houston's contention that the District opened the door to the historic pay inequality evidence or that such evidence was admissible under a continuing violation theory.

There is also no merit to Houston's related argument that the jury should have been instructed that as a matter of state law the 25% credit was a minimum benefit, not a maximum benefit. The District Court refrained from providing a specific charge to that effect because it did not believe that it was a settled matter of law, and because, in any event, the District Superintendent testified that she believed that she had authority to provide Houston with more than 25% credit. Because the defense evidence itself indicated that there was discretion, there was no prejudice by not instructing that such discretion existed as a matter of law.

Houston's right to a fair trial was preserved and his arguments on appeal are unavailing.

**IV.**

For the foregoing reasons, we will affirm the judgment of the District Court.

6